## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINIOIS – EASTERN DIVISION

| | |
|---|---|
| KURT TROMP AND DAWN TROMP, )<br>)<br>PLAINTIFFS, )<br>)<br>VS. )<br>)<br>KRISTEN RAMEY AND DENISON )<br>UNIVERSITY, )<br>)<br>DEFENDANTS, )<br>) | CASE NO. 13 CV 3876 |

### PLAINTIFFS, KURT TROMP AND DAWN TROMP, MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF DEFENDANTS LIABILITY

Now come the Plaintiffs, Kurt Tromp and Dawn Tromp, by their attorneys Law Office of Philip J. Farina and Marszalek & Marszalek, and states as follows:

1. This motion is made under Rule 50(a) of the Federal Rules of Civil Procedure.

2. The Plaintiffs claim that the Defendant, Kristen Ramey, was negligent in failing to yield the right of way to Kurt Tromp before making a left turn in violation of the Illinois Motor Vehicle Code, 625 ILCS 5/11-902.

3. The evidence at trial has shown that Ramey received a traffic citation for violating the aforesaid statute for which she personally appeared in traffic court and pleaded guilty on September 12, 2012. This is an admission of liability on behalf of Defendant Ramey. Furthermore, Kristen Kamey admitted at trial that she made left turn on a yellow light, that she continued turning left even though a van blocked her view of oncoming traffic, and that she took a chance that there was no oncoming traffic.

4. Defendants admit that Ramey was acting as the agent of her employer, Denison University, at the time of the collision.

5. There is no credible evidence that Kurt Tromp violated any provision of the Illinois Motor Vehicle Code or operated his car in a negligent manner.

6. For the aforesaid reasons, Plaintiffs, Kurt Tromp and Dawn Tromp move the court enter judgement as a matter of law on the issue of liability against Kristen Ramey and her employer, Defendant, Denison University, and in favor of Kurt Tromp and Dawn Tromp.

_____
Philip J. Farina, Esq.
Law Office of Philip J. Farina
221 N. LaSalle Street
Suite 400
Chicago, IL 60601
(312) 782-3678
ATTY# 47770

*John E Marszalek*
_____
John E. Marszalek, Esq.
Marszalek & Marszalek
221 N. LaSalle Street
Suite 400
Chicago, IL 60601
(312) 456-1700
ATTY# 24882

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| KURT TROMP, DAWN TROMP and M.T., a Minor, by KURT TROMP, his Father and Next Friend,<br><br>Plaintiffs,<br>v.<br><br>KRISTIN RAMEY and DENISON UNIVERSITY, a not-for-profit corporation incorporated in Ohio and with its principal place of business in Ohio,<br><br>Defendants. | NO. 13 CV 3876<br><br>Hon. Jeffrey T. Gilbert, Magistrate Judge |

### FED. R. CIV. P. (50)(a) FOR MOTION FOR JUDGMENT AS A MATTER OF LAW: DEFENDANTS' NEGLIGENCE

Now comes KURT TROMP, as Father and Next Friend of M.T., a minor (hereinafter, M.T.), by and through their attorneys MICHAEL L. BOLOS, LTD. and move this Honorable Court pursuant to Fed. R. Civ. Pro. 50(a)(1)(A) for an Order finding in favor of the minor, M.T., and against Defendants RAMEY and DENISON as to the issue of Defendants' liability to the minor, M.T., on Count III of the Amended Complaint, leaving as the sole triable issue in the case the amount of money damages to be recovered by M.T. as compensation for injuries sustained. In support, Plaintiff M.T. states by counsel:

1. Count III sets forth a cause of action against Defendants RAMEY and DENISON for injuries resulting from the negligent operation of a motor vehicle by RAMEY who executed a left turn in front of an oncoming motor vehicle in which the minor, M.T., was a passenger.

2. Count III charges defendant RAMEY with negligence in that she made a left turn into oncoming lanes of traffic when her view of oncoming traffic was totally obstructed, contrary to and in violation of 625 ILCS 5/11-902 which provides: "The driver of a vehicle intending to

1

turn to the left within an intersection...shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard..."

3. A certified copy of Defendant RAMEY's traffic court record has been admitted in evidence and shows that Defendant RAMEY received a citation for violation of the above statute and entered a plea of guilty to such violation.

4. The evidence further shows that when RAMEY emerged from behind the vehicle that had blocked her view of traffic, her vehicle was in a lane of oncoming traffic and so little distance separated the RAMEY vehicle from the vehicle in which MT was a passenger, that neither driver had time or space to take any evasive action.

5. On the basis of the foregoing, Plaintiff M.T. is entitled to a directed finding that Defendants' were negligent. Further, Defendants have stipulated that M.T. incurred in excess of $27,000 in reasonable and necessary medical expenses for injuries sustained in the collision. Accordingly, the only issue remaining to be adjudged on Count III is the amount of compensation due M.T.

WHEREFORE, Plaintiff M.T. moves for an Order finding that Defendants were negligent and that their negligence was the proximate cause of injury to M.T., leaving the amount of damages as the sole remaining issue as to M.T. under Count III of the Complaint.

ARDC: 248614
Michael L. Bolos
MICHAEL L. BOLOS, LTD.
Attorneys for Plaintiff M.T.
2801 Black Road, 2nd Floor
Joliet, Illinois 60435
T: 815-725-9540
F: 815-725-9544
boloslaw@sbcglobal.net

*Michael L. Bolos*
Michael L. Bolos