FILED
5/14/2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

KURT TROMP, DAWN TROMP and )
M.T., a Minor, by KURT TROMP, )
his Father and Next Friend, )
                                   )    NO. 13 CV 3876
       Plaintiffs, )
   v. )
                                   )
KRISTIN RAMEY and DENISON UNIVERSITY, )    Hon. Jeffrey T. Gilbert,
a not-for-profit corporation incorporated in Ohio )    Magistrate Judge
and with its principal place of business in Ohio, )
                                   )
       Defendants. )

### FED. R. CIV. P. (50)(a) FOR MOTION FOR JUDGMENT AS A MATTER OF LAW: DEFENDANTS' NEGLIGENCE

    Now comes KURT TROMP, as Father and Next Friend of M.T., a minor (hereinafter, M.T.), by and through their attorneys MICHAEL L. BOLOS, LTD. and move this Honorable Court pursuant to Fed. R. Civ. Pro. 50(a)(1)(A) for an Order finding in favor of the minor, M.T., and against Defendants RAMEY and DENISON as to the issue of Defendants' liability to the minor, M.T., on Count III of the Amended Complaint, leaving as the sole triable issue in the case the amount of money damages to be recovered by M.T. as compensation for injuries sustained. In support, Plaintiff M.T. states by counsel:

    1.    Count III sets forth a cause of action against Defendants RAMEY and DENISON for injuries resulting from the negligent operation of a motor vehicle by RAMEY who executed a left turn in front of an oncoming motor vehicle in which the minor, M.T., was a passenger.

    2.    Count III charges defendant RAMEY with negligence in that she made a left turn into oncoming lanes of traffic when her view of oncoming traffic was totally obstructed, contrary to and in violation of 625 ILCS 5/11-902 which provides: "The driver of a vehicle intending to

1

turn to the left within an intersection…shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard…"

3. A certified copy of Defendant RAMEY's traffic court record has been admitted in evidence and shows that Defendant RAMEY received a citation for violation of the above statute and entered a plea of guilty to such violation.

4. The evidence further shows that when RAMEY emerged from behind the vehicle that had blocked her view of traffic, her vehicle was in a lane of oncoming traffic and so little distance separated the RAMEY vehicle from the vehicle in which MT was a passenger, that neither driver had time or space to take any evasive action.

5. On the basis of the foregoing, Plaintiff M.T. is entitled to a directed finding that Defendants' were negligent. Further, Defendants have stipulated that M.T. incurred in excess of $27,000 in reasonable and necessary medical expenses for injuries sustained in the collision. Accordingly, the only issue remaining to be adjudged on Count III is the amount of compensation due M.T.

WHEREFORE, Plaintiff M.T. moves for an Order finding that Defendants were negligent and that their negligence was the proximate cause of injury to M.T., leaving the amount of damages as the sole remaining issue as to M.T. under Count III of the Complaint.

ARDC: 248614
Michael L. Bolos
MICHAEL L. BOLOS, LTD.
Attorneys for Plaintiff M.T.
2801 Black Road, 2nd Floor
Joliet, Illinois 60435
T: 815-725-9540
F: 815-725-9544
boloslaw@sbcglobal.net

Michael L. Bolos